THE STATE, EX REL. SIMEON CARTER, v. SCHOOL DISTRICT 49, SALINE COUNTY, WALLACE M. SHAVER, DIRECTOR, AND JAMES E. LENOX, MODERATOR.

School District: POWER OF OFFICERS. The duties devolved upon the members of the school district board, or upon the moderator and director, by section 8 of chapter 79, Comp. Stat., can only be performed by those two officers acting in conjunction. Any attempt on the part of either of them to perform such duties alone and without the joint action of the other, is ineffective and void.

ORIGINAL application for mandamus.

*Dawes, Foss & Stephens,* for relator.

*Abbott & Abbott,* for respondent.

COBB, J.

This is an original application by Simeon Carter for a mandamus to issue against Wallace M. Shaver, director, and James E. Lenox, moderator of school district No. 49 of Saline county, commanding them to recognize the relator as the treasurer of said school district, and commanding the said Wallace M. Shaver, as director, to draw and sign a warrant upon the county treasurer of Saline county in favor of the relator as treasurer for all moneys in the county treasury, raised for district purposes or apportioned to said district by the county superintendent, present the same to the moderator to be countersigned by him, and when so countersigned deliver the same to the relator.

The relator filed his petition in this court, alleging that he was duly elected treasurer of said district in the year 1884, for the term of three years; that he duly qualified as such treasurer, giving an official bond which was duly approved; that on the 5th day of July, 1886, the director and moderator of said school district notified relator that they should require him to give a new bond in the sum of $1,500 to more fully protect the interests of said district on account of money which would come into his hands as treasurer of said school district. That upon receiving said notice he made a new bond in the sum of $1,500 to said district, which he himself signed as principal and had two good and sufficient sureties sign the same, one of which qualified in the sum of one thousand dollars, and the other in the sum of five hundred dollars, etc. That said bond was duly executed, signed, and justified by said principal and sureties within the ten days required by law therefor, after the receipt of the said notice. That on the 13th day of July, 1886, relator took said bond and handed the same to James Lenox, the moderator, who, after reading the same replied to relator that said bond was good and sufficient and that he approved it, and that he being then in the

4

field, had neither pen nor ink, would put his approval thereon as soon as he could, and afterwards, either on the 17th or 19th day of the same month, he, in due form, did put his approval on said bond in writing. That at the same time relator handed the said bond to said moderator he, the said moderator, after looking the same over, handed it to Wallace M. Shaver, the director of said district, who thereupon took the bond and placed it in his pocket, and said that he would see. That the relator did not see or hear of the said Wallace M. Shaver afterwards until the 17th day of said July, when said Shaver came to relator and tendered him back the said bond, and said "I shall not approve it." That the moderator and director of said school district never had or held any meeting or took any action upon said bond other than is set forth in said petition; that at no time did they declare the office of said treasurer vacant nor ever have declared the office vacant. That afterward, to-wit, on the 21st day of said month of July, there was signed and handed to said director, Wallace M. Shaver, a petition for a school district meeting to elect a successor to Simeon Carter; that thereupon the director, Wallace M. Shaver, called a school district meeting to elect a successor to Simeon Carter; that this was done without any connection whatever with the moderator, James E. Lenox.

The said relator also alleged in and by his said petition that at the said meeting called by the said Wallace M. Shaver, as aforesaid, the voters then present selected Philip J. Gossard to fill the vacancy which they supposed existed in the office of treasurer of said district. That relator is the legal treasurer of said district, and that said Philip J. Gossard is, and has been since the time of said meeting, trying to fill the said office without authority of law. That there is and at all times has been money in the county treasury of Saline county belonging to the said school district, and which relator as treasurer of said school district

could draw from said county treasury if he had a warrant or order therefor drawn by the director and countersigned by the moderator of said district. That relator has demanded of the said director that he draw a warrant upon the county treasurer of Saline county for all moneys in the treasury of said county belonging to said school district, in favor of relator as treasurer of said district, which said director has refused to do.

There are many other allegations in said petition, but the above are all which it is deemed necessary to set out in this opinion.

The defendant, Wallace M. Shaver, made and filed his answer to the said petition, denying many of the allegations of the same, but by affirmative allegation alleging that he, as director, declared the said office of treasurer of said district vacant, and called the meeting of the said district for the purpose of filling said vacancy, at which meeting P. J. Gossard was elected. He also attached to his said answer a copy of the call for said special meeting, whereby it appears that said special meeting was called by him as director alone and without the concurrence of the moderator.

The cause was referred to a referee to take testimony, etc.

The report of the referee contains the testimony of the parties and sundry witnesses on either side, giving evidence upon most of the matters contained in the petition as well as the answer. But in my view the points which must be conclusive of the case stand admitted in the answer, and scarcely needed any evidence. That is, that there was never any action of the school district board, either declaring a vacancy to exist in the office of treasurer of the district, or calling a special district meeting to elect a treasurer to fill a vacancy. The following is the provision of statute applicable to such cases;

"Sec. 8. Whenever, by the failure of his sureties or otherwise, the official bond of the district treasurer becomes, in the opinion of the other members of the board, insuffi-

cient to protect the district from loss, it shall be the duty of the director and moderator to demand additional security or a new bond of the treasurer.    If the treasurer refuse or neglect to procure a satisfactory bond, and present it to the other members for approval within ten days after said demand, the said moderator and director may declare his office vacant, and proceed to call a district meeting to elect a new treasurer to fill the unexpired term." · C. S., Ch. 79.

From the language of this provision it is quite clear that it requires the official act of the board, that is of the two disinterested members, in session as a board, to declare the office of the district treasurer to be vacant.

It appearing, as well by the pleadings as by the evidence, that such action was not had by the director and moderator acting together as a board, but that all that was done or claimed to be done was by the director alone, and as to some extent appears, against the known views and opinion of the moderator, it necessarily follows that no vacancy existed, but that the relator remained and is the legal treasurer of said school district.

It also appears by evidence and stipulation that there now is in the treasury of Saline county moneys belonging to said school district.    This money it is the right and duty of the relator to draw and hold, and in a proper case disburse on account of said district, but this he cannot do without a warrant therefor drawn by the director and countersigned by the moderator.    Such warrant the said director has refused to sign and deliver to the relator.    He is, therefore, in default of a legal duty which may be enforced by mandamus.

A peremptory mandamus will, therefore, issue to the said Wallace M. Shaver, director of school district 49 of Saline county, commanding him that he forthwith draw up in the usual form, and officially sign, an order or warrant upon the county treasurer of Saline county in favor of Simeon Carter, treasurer of said district, now in said

treasury, collected on account of, or apportioned to said district by the county superintendent; that he present such order or warrant to the moderator of said district to be countersigned by him, and when so countersigned, that he forthwith deliver the same to the relator.

The said James E. Lenox, moderator, not being in default of any duty, the cause is, as to him, dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.